**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicolas Martinez Gomez, <br><br>                                              Plaintiff, <br><br>        -v- <br><br> 22-04 Collier Ave LLC, <br> 2204 Collier Associates L.P. and <br> Residential Management (NY), Inc., <br><br>                                             Defendants. | **Civ. Action #:** <br><br> **Complaint** <br><br> **Date Filed:** <br><br> **Jury Trial Demanded** |

Plaintiff Nicolas Martinez Gomez ("Plaintiff" or "Gomez"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants 22-04 Collier Ave LLC, 2204 Collier Associates L.P. and Residential Management (NY), Inc., (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of

1

the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.   Venue is proper in the Eastern District of New York (EDNY) pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b). Venue is also proper in the EDNY pursuant to 29 U.S.C. § 216(b).

6.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7.   Plaintiff Nicolas Martinez Gomez ("Plaintiff" or "Gomez") is an adult, over eighteen years old.

8.   Upon information and belief, and at all times relevant herein, Defendant 22-04 Collier Ave LLC ("22-04 Collier Ave"), was a New York limited liability company.

9.   Upon information and belief, and at all times relevant herein, Defendant Residential Management (NY), Inc. ("Residential Management"), was a New York for profit corporation.

10. Upon information and belief, and at all times relevant herein, Defendant 2204 Collier Associates L.P. ("2204 Collier Associates"), was a New York limited partnership.

2

11. At all times relevant herein, Defendants were successors in interest as to the entire period of Plaintiff's employment (about 8 years), and as to all claims asserted herein. See i.e. *Fall River Dyeing & Finishing Corp. v. N.L.R.B.*, 482 U.S. 27 (1987)(in this case, the business/buildings in which Plaintiff worked remained the same or essentially/substantially the same after Defendant 22-04 Collier Ave LLC acquired the building from Defendant 2204 Collier Associates L.P., in or around 2019, the tenants in the buildings and the operations in the buildings remained the same or essentially/substantially the same, Plaintiff's duties and employment in the building continued and remined the same or essentially/substantially the same, the workforce/supervisory personnel in the buildings remained the same or essentially/substantially the same, the employment and pay practices as to Plaintiff's employment continued and remined the same of essentially/substantially the same – Defendants therefore had actual or constructive notice of the unlawful pay practices alleged herein especially assuming Defendants performed reasonable due diligence and their experience and history managing other buildings). *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14 CIV. 4335 LGS, 2015 WL 5459737 (S.D.N.Y. Sept. 17, 2015).

12. At all times relevant herein, Defendants Residential Management, managed the building at 2204 Collier Avenue, Far Rockaway, NY 11691 including on behalf of Defendants 22-04 Collier Ave and 2204 Collier Associates, and also managed Plaintiff and his employment at said building.

13. At all times relevant herein, Defendants Residential Management, 22-04 Collier Ave and 2204 Collier Associates, individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

15. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed

## STATEMENT OF FACTS

16. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, were engaged in the business of real estate and building management and ownership within the New York tri- state area.

17. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed approximately over 20 employees.

18. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, from in or around 2014 to in or around December 2021.

19. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a porter/handyman performing all the manual, physical and repetitive tasks within this capacity such as cleaning, repairs, etc. in Defendants' multi-story building.

20. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $15.50 an hour.

21. At all times relevant herein, Plaintiff worked about 53-55 or more hours or more each week for Defendants, 5-7 days a week. However, Plaintiff was not paid any wages for about 13-15 or more overtime hours (hours over 40 in a week) each week – with the exception of 2-3 weeks each year.

22. A more precise statement of the hours and wages will be made when Plaintiff Gomez obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

23. At all times relevant herein, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, No. 23559/16E,

4

2019 WL 4264384 (N.Y. App. Div. Sept. 10, 2019).

24. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

25. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all rates of pay including Plaintiff's overtime rates of pay, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

26. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

27. At all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors and other businesses outside the State of New York.

28. At all times applicable herein, Defendants, individually and/or jointly, conducted business outside the State of New York involving the purchase of essential materials and supplies.

29. At all times applicable herein, Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. At all times applicable herein, Defendants as a regular part of their business, engaged in credit card transactions, involving banks and other institutions outside the state of New York.

31. At all times applicable herein, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

32. At all times applicable herein, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems. At all times relevant herein, as required by Defendants, Plaintiff utilized cell phone and electronic messaging as an integral part of his job to communicate with Defendants and tenants throughout his workday.

33. At all times relevant herein, and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by 29 CFR 516 and 12 NYCRR 142-2.8.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC § 201 et Seq.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the

production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

42. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants failed and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

<b><u>Relief Demanded</u></b>

44. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

<b><u>AS AND FOR A SECOND CAUSE OF ACTION</u></b><br><b><u>NYLL 650 et Seq. & 12 NYCRR 142-2.2; 141-1.4 (Unpaid Overtime)</u></b>

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142; 12 NYCRR § 141.

47. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable NYS Minimum wage rate for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2; 12 NYCRR § 141-1.4.

**Relief Demanded**

48.  Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his overtime wages, (FLSA and NYMWA), and wage deductions, within the time required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

53. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not

9

been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
        **January 31, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com